UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA FITZGERALD ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| SENTRY CREDIT, INC. ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Cynthia Fitzgerald, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Cynthia Fitzgerald (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Plaintiff resides in this District.

## III.  PARTIES

4. Plaintiff, Cynthia Fitzgerald ("Plaintiff") is an adult natural person residing at 257 Miner Avenue, Nanticoke, PA 18634.

5. Defendant, Sentry Credit, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 2809 Grand Avenue, Everett, WA 98201.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. Plaintiff and third parties began to receive harassing and abusive calls from Defendant approximately one year ago and continuing to the present. The calls are in regard to an alleged consumer debt.

8. Plaintiff has spoken to several of Defendant's agents since the beginning of August 2009.

9. Plaintiff has never received anything in writing from Defendant and Defendant's agents have not provided her with an account or reference number with which to dispute the alleged debt.

10. Sometime after Plaintiff first spoke with Defendant's agents, Defendant began to contact Plaintiff's mother, who lives in New York with regard to the alleged debt.

11. Plaintiff continued to receive collection calls from Defendant as well.

12. Plaintiff has attempted to answer and return Defendant's calls but is hung up on or placed on hold for long periods of time.

13. Plaintiff's mother has requested that Defendant's agents cease calling her about the alleged debt.

14. Defendant's agents have continued to call Plaintiff and Plaintiff's mother.

15. On or about November 30, 2009, Plaintiff spoke with Defendant's agent, Diane Trooper.

16. Defendant's agent, Diane Trooper, confirmed that Defendant had Plaintiff's correct address and phone number. Plaintiff asked why a third party was being repeatedly contacted.

17. Defendant's agent, Diane Trooper became belligerent and stated that she was attempting to collect a debt and would do it by any means necessary.

18. Defendant's continued third party contact was not for the purpose of confirming or correcting location information but to harass and embarrass Plaintiff.

19. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than Plaintiff that Plaintiff owes a debt and made such communications on multiple occasions.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT ONE – FDCPA
### FAIR DEBT COLLECTION PRACTICES ACT
### (FDCPA, 15 U.S.C. § 1692)

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. 1692b(1) Defendant's agents contacted a third party for a purpose other than to confirm or correct Plaintiff's location information;

    b. 1692b(3) Defendant's agents contacted a third party more than once and after being asked to cease the contact;

    c. 1692c(b) Defendant's agents practiced prohibited communications when they communicated with someone other than Plaintiff on numerous occasions;

    d. 1692d Defendant's agents conducted themselves in a manner which was harassing, oppressive and abusive to Plaintiff;

    e. 1692d(5) Defendant's agents caused Plaintiff's and a third party's phone to ring repeatedly and engaged them in conversation repeatedly;

    f. 1692d(6) Defendant's agents placed calls to Plaintiff and a third party without disclosing his/her identity;

  g. 1692e(10) Defendant's agents used false representations and deceptive means to attempt to collect an alleged debt or obtain information about a Consumer;

  h. 1692f Defendant's agents used unfair and unconscionable means to attempt to collect an alleged debt;

  i. 1692g Defendant failed to send Plaintiff the 30 validation notice within five days of its initial contact with Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Sentry Credit, Inc. and Order the following relief:

  a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

  b. Actual damages;

  c. Statutory damages pursuant to 15 U.S.C. §1692k;

  d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – PA FCEUA
### PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

  28. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

29. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

30. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

31. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

32. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

33. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

34. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

35. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c.  An award of reasonable attorneys fees and expenses and costs of court; and

d.  Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT THREE – PA UTPCPL
## PENNSYLVANIA UINIFORM TRADE PRACTICES & CONSUMER PROTECTION LAW
## (UTPCPL, 73 Pa. C.S. § 201-1 et seq.)

36. The foregoing paragraphs are incorporated herein by reference.

37. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

38. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

39. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.  Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.  Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.  Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

40. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

41. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: December 1, 2009

BY: /s/ **Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
Phone: 215-745-9800
Fax: 215-745-7880
Attorney for Plaintiff